IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JASON BRYAN MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendant. | CV 17-00006-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jason Martin, a former federal prisoner and current state prisoner proceeding without counsel, filed an Amended Complaint alleging that he slipped and fell on a wet floor at Crossroads Correctional Center and was thereafter denied medical care for his injured ankle. The Amended Complaint fails to state a federal claim for relief and should be dismissed.

On February 9, 2017, the Court conducted a screening of Mr. Martin's Complaint pursuant to 28 U.S.C. §§ 1915, 1915A finding that he had failed to state a federal claim upon which relief could be granted. He was given an opportunity to file an amended complaint and did so on April 21, 2017. (Doc. 15.) The Court will now complete the screening process to determine if the Amended Complaint is "frivolous," "fails to state a claim upon which relief may be granted,"

1

or "seeks monetary relief from a defendant who is immune." 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

## I. JURISDICTION

In the Court's original screening order, it questioned whether there was federal jurisdiction for this matter. (Doc. 4.) Mr. Martin clarified in his Amended Complaint that he is seeking relief pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment to the United States Constitution. Accordingly, for purposes of this Order, the Court will presume there is federal question jurisdiction under 28 U.S.C. § 1331.

## II. SLIP AND FALL

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The Eighth Amendment of the United States Constitution prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated if an inmate is deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established

a very demanding standard for "deliberate indifference." Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). To constitute deliberate indifference, an official must know of and disregard an excessive risk to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and the official must also draw the inference. *Farmer*, 511 U.S. at 837. Negligence is insufficient to state a federal constitutional claim for relief. *Daniels v. Williams*, 474 U.S. 327 (1986).

    Mr. Martin's alleges he slipped and fell on a prison floor that had recently been mopped. Generally there is no federal constitutional liability arising from a slip and fall in a prison. *Jackson v. State of Ariz.*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citation omitted). There are exceptions in unique circumstances where officials are put on notice of a significant risk of inmate harm. *See e.g. Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998). In *Frost*, the Ninth Circuit acknowledged that a constitutional claim may be established where there are sufficiently special or unique circumstances that

require the Court to depart from the general rule barring Eighth Amendment liability in prison slip and fall cases. In *Frost*, the Ninth Circuit reversed summary judgment for a prisoner who asserted an Eighth Amendment claim where prison officials were aware that a pretrial detainee on crutches had previously fallen and injured himself several times in the shower. *Id.* at 1129. Specifically, the prisoner put the officials on notice by filing several grievance forms alerting the officials the showers posed a significant risk to him. *Id.*

Similarly, the Ninth Circuit in *Townsend v. Sisto*, 457 F.App'x 653 (9th Cir. 2011), concluded the district court's dismissal of a prisoner's Eighth Amendment claim was improper where the prisoner "alleged prisoner officials were aware that the poorly maintained shower floors posed a risk to inmate safety yet failed to take reasonable measures to avoid that threat." *Id.* at 654. Specifically, the prisoner in *Townsend* alleged defendants:

> [K]new or should have known that the showers at California State Prison required routine maintenance and repair; that they did not follow their own operation plan; that the shower floors were uneven, had missing tiles, were slippery, were not equipped with mats, safety strips or handicap bars; that inmates had complained about the conditions of the showers; and that, as a result, plaintiff fell and his shoulder came out of its socket.

*Townsend v. Sisto*, 2010 WL 2628975, at *1 (E.D. Cal. June 25, 2010) rev'd and remanded, 457 F.App'x 653 (9th Cir. 2011).

4

Mr. Martin argues Defendants violated his Eighth Amendment right because they failed to post fair and proper signage to identify the safety hazard, i.e., the wet floor that had been mopped sometime earlier. There is no allegation, however, that Defendants were aware of the dangerous condition and ignored the danger.

Under the subjective test, "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted); *see also La Cruz v. Gibson*, 2016 WL 5791474, at *5 (E.D. Cal. Oct. 4, 2016) (dismissing claim alleging prisoner was made to walk through a puddle, causing him to injure his back, arm, shoulder, and head); *Aaronian v. Fresno Cty. Jail*, 2010 WL 5232969, at *2-*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); *Gilman v. Woodford*, 2008 WL 686740, at *1 (9th Cir. Mar. 12, 2008) (dismissing inmate's complaint alleging Eighth Amendment violation based on leaky roof and slippery floors); *Edwards v. City of New York*, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[A]llegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it.").

Federal courts have uniformly rejected prisoner's slip and fall claims as

5

insufficient to state a constitutional violation. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (*citing Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and holding that as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," upholding sua sponte dismissal of deliberate indifference claim by inmate who slipped and fell in the shower); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")).

"Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotations, brackets and citation omitted). As such, Mr. Martin's allegations regarding his slip and fall fail to state a federal claim for relief.

### III.  MEDICAL CARE

After Mr. Martin fell on August 9, 2015, Corrections Officer Butler radioed medical. Another officer brought Mr. Martin, by wheelchair, to the medical wing where he was examined by a nurse. The nurse checked his ankle and told him it

was fine/ok. Mr. Martin informed the nurse that due to the severity of pain he knew there was significant damage and that it was not a simple ankle sprain. Despite his pleading and request for crutches, the nurse made him walk back to his unit.

The next day, Mr. Martin requested to go to medical and was instructed to walk there. Another nurse examined his swollen ankle and referred him to Dr. Berdecia for an x-ray. Dr. Berdecia put in an order for an x-ray and on August 12, 2015 Mr. Martin was transported to the Marias Medical Center in Shelby, Montana for an x-ray.

After reviewing the x-ray, Dr. Berdecia told Mr. Martin that his ankle was not broken. Mr. Martin inquired about ligament and tendon damage and Dr. Berdecia replied that they would give it some time and see what happens. Dr. Berdecia put in an order for Mr. Martin to use crutches for a few weeks, granted him permission to request ice for four days, and gave him Motrin for pain and swelling. Mr. Martin suspects that Dr. Berdecia knew Mr. Martin was a federal inmate who would soon be transferred to another facility.

Over the course of time, the swelling in Mr. Martin's turned black and blue and yellow and would not subside. Additionally, he was not able to put any practical pressure on his right ankle without severe pain. After about a month, he

noticed the black, blue, and yellow swelling had not decreased enough to a level that would suggest that the injury sustained was just a simple ankle sprain. He filled out a medical request to follow up on the injury and requested an MRI. At this point, however, Mr. Martin was close to being transferred to another facility and the MRI was never ordered or performed.

As set forth in the Court's prior Order, in order to prove a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, in order to prevail, Mr. Martin must show both that his medical needs were objectively serious, and that Defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

For purposes of this Order, the Court will assume that Mr. Martin suffered a serious medical need but he has failed to allege sufficient facts to plausibly suggest that Defendants were deliberately indifferent to that medical need. "A prison official is deliberately indifferent under the subjective element of the test

only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014), *quoting Toguchi*, 391 F.3d at 1057. "This 'requires more than ordinary lack of due care.' " *Id., quoting Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id., quoting Farmer*, 511 U.S. at 837.

The facts alleged by Mr. Martin do not plausibly suggest that the nurse who examined him on August 9, 2015 was deliberately indifferent. Mr. Martin insisted there was something wrong with his ankle but other than his own complaints there are no facts to suggest that the nurse knew or should have known that there was serious damage to the ankle. "At most," Mr. Martin "has raised a difference of opinion regarding his treatment," and "[a] difference of opinion does not amount to a deliberate indifference to [his] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (*citing Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir.1981)). A failure by a nurse to diagnosis an ankle injury within hours of the incident does not establish deliberate indifference.

In addition, Mr. Martin does not allege sufficient facts to establish that the nurse acted with a culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 302

(1991). A culpable state of mind requires more than mere negligence; a prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but "must also draw the inference." *Toguchi*, 391 F.3d at 1057-58. Here, the allegations do not indicate that the nurse knew of or purposefully ignored an excessive risk of significant injury to Mr. Martin. *See Farmer*, 511 U.S. at 834. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. Even if the nurse was negligent in failing to diagnosis and treat Mr. Martin's ankle, simple negligence, even if it amounts to medical malpractice does not establish deliberate indifference. *See Farmer*, 511 U.S. at 838 ("[O]fficial's failure to alleviate a significant risk that he should have perceived but did not" is not actionable under the Eighth Amendment); *see also Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

At most, Mr. Martin has alleged a delay in medical treatment for his ankle. The mere delay of treatment, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A plaintiff must also show that the delay

caused substantial further harm. *See Estelle*, 429 U.S. at 104–05 (delays may manifest deliberate indifference); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (only delays that cause substantial harm violate the Eighth Amendment). Mr. Martin has not alleged that the Nurse's failure to provide crutches on August 9, 2015 caused substantial further harm. *See Johnson v. City of N.Y*, 2014 WL 5393181, at *6 (S.D.N.Y. Oct. 21, 2014) (deliberate indifference not established where, although "officers who had custody of plaintiff were, no doubt, aware that plaintiff had suffered an ankle injury that caused him pain, . . . there was nothing about plaintiff's condition that suggested more prompt treatment was necessary") adopted by 2014 WL 6455162 (S.D.N.Y. Nov. 17, 2014), aff'd, 633 Fed.Appx. 37 (2d Cir. 2016).

Similarly, there are insufficient factual allegations to plausibly suggest the deliberate indifference of Dr. Berdecia. Dr. Berdecia ordered an x-ray of Mr. Martin's ankle and when it was determined that the ankle was not broken he ordered crutches, ice, and Motrin to treat the ankle. Dr. Berdecia's treatment of Mr. Martin's ankle does not rise to the level of deliberate indifference.

Although Mr. Martin indicates that he made a request for an MRI about a month later, he also states that he was soon transferred out of the facility. The fact that Dr. Berdecia did not order an MRI is not deliberate indifference. *See Estelle*,

429 U.S. at 107-108 (the decision of "whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). In addition, as with the Nurse defendant, Mr. Martin has not alleged that the delay of treatment caused substantial further harm. *See Wood*, 900 F.2d at 1335.

Mr. Martin does not meet the standard of deliberate indifference to his serious medical needs required to state a claim under section 1983. *See Estelle*, 429 U.S. at 107.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Martin failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Martin may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of September, 2017.

                                          */s/ John Johnston*
                                          John Johnston
                                          United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Martin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.