# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JASON BRYAN MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendant. | CV-17-00006-GF-BMM-JTJ<br><br><br>**ORDER** |

Plaintiff Jason Martin filed an Amended Complaint alleging that he slipped and fell on a wet floor at Crossroads Correctional Center ("CCC"). (Doc. 19 at 1.) Martin further alleges that CCC denied him medical care for his injured ankle. *Id.*

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on September 20, 2017. *Id.* The Court granted Martin until November 20, 2017, to file any objections to Judge Johnston's Findings and Recommendations. (Doc. 22.) Martin timely filed an objection on November 16, 2017. (Doc. 24.) The Court reviews *de novo* Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of Judge Johnston's Findings and Recommendations not

1

specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I. **Slip and Fall**

Judge Johnston determined that Martin's Amended Complaint failed to state a federal claim for relief and should be dismissed. (Doc. 19 at 1.) Martin clarified in his Amended Complaint that he seeks relief pursuant to 42 U.S.C. § 1983 for violations of the Eight Amendment to the United States Constitution. *Id.* at 2. Martin alleges that he slipped and fell on a prison floor that recently had been mopped. *Id.* at 3. Judge Johnston determined that no federal constitutional liability arises from a slip and fall in a prison. *Jackson v. State of Ariz.,* 885 F.2d 639, 641 (9th Cir. 1989). Exceptions exist in unique circumstances where officials have notice of a significant risk of inmate harm. *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998). Judge Johnston concluded that Martin did not allege that the Defendants were aware of the dangerous condition and ignored the danger. (Doc. 19 at 5.) Federal courts uniformly have rejected prisoner's slip and fall claims as insufficient to state a constitutional violation. *Id.* at 6.

## II. **Medical Care**

Judge Johnston determined that Martin failed to allege sufficient facts to plausibly suggest that Defendants displayed deliberate indifference to his medical need. *Id.* at 8. In order to prove a § 1983 claim for the violation of the Eighth

Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Martin must show that his medical needs were objectively serious, and that the Defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). Defendants must show "deliberate indifference" to satisfy the requisite state of mind for a medical claim. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

Judge Johnston determined that the facts alleged by Martin in his Amended Complaint do not plausibly suggest a deliberate indifference by the Nurse who examined him on August 9, 2015. (Doc. 19 at 9.) Martin insisted that he injured his ankle, but other than his own complaints nothing existed to alert the Nurse to the alleged serious damage to the ankle. *Id.* Judge Johnston determined that a failure by the Nurse to diagnosis an ankle injury within hours of the incident does not establish deliberate indifference. *Id.*

Judge Johnston further concluded that Martin does not allege sufficient facts to establish that the Nurse acted with a culpable state of mind. *Id.* Judge Johnston determined that even if the Nurse negligently had failed to diagnosis and treat Martin's ankle injury, negligence does not establish indifference. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Judge Johnston additionally determined that Martin

only has alleged a delay in medical treatment for his ankle. (Doc. 19 at 10.) The mere delay of treatment, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Judge Johnston determined that Martin did not plead sufficient factual allegation to suggest the deliberate indifference of Dr. Berdecia. (Doc. 19 at 11.) Dr. Berdecia ordered an x-ray of Martin's ankle and prescribed crutches, ice, and Motrin. *Id.* Judge Johnston further concluded that Martin has not alleged that the delay of the MRI caused substantial further harm. *Id.* at 12.

Martin objects to Judge Johnston's finding that Martin did not plead sufficient factual allegations to establish the deliberate indifference of the Nurse that examined him. (Doc. 24 at 2.) Martin contends that sufficient facts existed to suggest that the Nurse should have known serious damage had occurred to his ankle. *Id.* Martin further contends the Court should consider not whether "there was serious damage to the ankle," but, rather, whether "there may have been serious damage to the ankle." *Id.* at 4.

Martin argues that the underlying issue "is not the nurse's failure to diagnosis the ankle injury, but, rather, the nurse's decision to "instruct Mr. Martin to walk back to the unit." *Id.* at 6. Martin further argues that the Nurse became deliberately indifferent because she purposefully and knowingly disregarded her

4

professional requirement to presume Martin's complaint as true, thereby, ignoring the excessive risk of significant injury to him. *Id.* at 7. Martin contends that Judge Johnston incorrectly determined that Martin failed to allege that the Nurse's conduct caused substantial further harm. *Id.* at 11.

Judge Johnston correctly determined that the culpable state of mind requires more than mere negligence. The Court agrees with Judge Johnston's determination that the allegations do not indicate that the Nurse knew of, or purposefully ignored, an excessive risk of significant injury to Martin. The Nurse negligently may have failed to diagnosis and treat Martin's ankle injury. Simple negligence, however, does not establish deliberate indifference. The Court agrees that Martin alleged a delay in medical treatment for his ankle injury. The delay of treatment, on its own, does not state a claim of deliberate medical indifference. *See Shapley*, 766 F.2d at 407. Martin alleged, at most, that the Nurse performed her job negligently.

### III. Conclusion

The Court has reviewed Judge Johnston's Findings and Recommendations regarding the medical care by the Nurse *de novo*. The Court has reviewed the remaining portions of Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 19), are ADOPTED IN FULL.

**IT IS ORDERED** this matter be DISMISSED for failure to state a claim.

**IT IS ORDERED** that the Clerk of Court shall close this matter and enter judgment in favor of the Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Amended Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that Clerk shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Martin failed to state a claim upon which relief may be granted.

DATED this 11th day of January, 2018.

_Brian Morris_
Brian Morris
United States District Court Judge